**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL WOODARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 4:26-CV-00355-SPM |
| v. | ) | |
| | ) | |
| ST. CHARLES COUNTY, MO, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM, AND ORDER**

This matter is before the Court on self-represented Plaintiff Michael Woodard's Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. After reviewing Plaintiff's financial information, the Court has determined that Plaintiff is unable to pay the filing fee. The Court will therefore grant the Application. Additionally, for the reasons discussed below, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Motion for Appointment of Counsel [ECF No. 3] will be denied as moot.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

"Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (internal quotation marks omitted); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation") (internal quotation marks omitted).

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented plaintiffs must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff filed the complaint against St. Charles County, Missouri, using the Court's Civil Complaint form. Where the form requests that Plaintiff state the basis for federal question jurisdiction, Plaintiff alleges that he is "being harassed by Saint Charles County Mo. using false allegation for taking my child"; that an officer put a "reporter" in his truck when he took it to a

dealer to get it fixed; and that on December 20th, "they put [him] in jail for a class e felony after [he] had a law suit for case #04160 & 4:25CV00314." Compl., ECF No. 1, at 3. Where the form requests that Plaintiff state the facts that support his claim, Plaintiff alleges that he was "[h]arassed by Saint Charles County officer Terry O'Conner, also for Carrol Fira & Rusel [illegible]"; that Christen Ditmer took his child under false allegations; that he was put in jail for a Class E felony on December 20, 2025; and that he learned that his child was mentally harassed through wifi, reporter, and telephone. *Id.* at 5. He alleges that this has caused stress on his family, that it has been going on for two years, and he wants the defendant to stop and to pay for his pain and suffering. *Id.* He seeks $5 million in damages. *Id.* at 6.

**Discussion**

Liberally construing Plaintiff's complaint, it appears that Plaintiff is asserting a claim under 42 U.S.C. § 1983 to vindicate alleged violations of his constitutional rights. A local governing body, such as a county, can be sued directly under section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on a section 1983 claim against a government entity, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if a constitutional violation "resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Watkins v. City of St. Louis*, 102

F.4th 947, 953-54 (8th Cir. 2024) (citing *Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 591 (8th Cir. 2004)). However, at a minimum, a plaintiff "must allege facts which would support the existence of an unconstitutional policy or custom." *Id.* at 954 (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

Here, Plaintiff alleges that he was harassed by one or more St. Charles County officers, that an officer put something in his truck, that an individual took his child based on false allegations, that he was put in jail for a felony, and that he and/or his child were mentally harassed through WIFI, through a reporter, and by telephone. However, even assuming that one or more of these incidents violated Plaintiff's constitutional rights, Plaintiff does not allege any facts that would permit the inference that any constitutional violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. As a result, Plaintiff fails to state a claim upon which relief may be granted against St. Charles County. The Court must therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel and Affidavit in Support [ECF No. 3] is **DENIED** as moot.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 16th day of November, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE